**Kyle A. Sturm, OSB No. 080214**
kyle@foremansturm.com
**Nicholas A. Thede, OSB No. 075460**
nick@foremansturm.com
FOREMAN STURM & THEDE LLP
P.O. Box. 13098
Portland, Oregon 97213
T: 503.206.5824

Attorneys for Plaintiff Housing Northwest, Incorporated

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **HOUSING NORTHWEST, INCORPORATED**,<br><br>         Plaintiff,<br><br>    v.<br><br>**THE AMERICAN INSURANCE COMPANY**, and **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**,<br><br>         Defendants. | Case No. 3:19-cv-00253-SB<br><br>**JOINT STATUS REPORT AND PROPOSED CASE MANAGEMENT SCHEDULE** |

The parties have conducted a telephonic conference on March 18, 2019 and have engaged in follow-up e-mail correspondence to discuss a proposed case scheduling order and the topics identified in Fed. R. Civ. P. 26(f), Form 52 in the Fed. R. Civ. P. Appendix of Forms, and Local Rule 26-1. The parties hereby submit this Joint Status Report and Proposed Case Schedule in advance of the Rule 16 conference scheduled for May 22, 2019.

Page 1     JOINT STATUS REPORT AND PROPOSED CASE MANAGEMENT SCHEDULE

1. **Rule 26(f) Conference.** On March 18, 2019, the parties conducted a telephonic conference pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1. The parties were represented by undersigned counsel. The parties have also engaged in follow-up e-mail correspondence to discuss the matters addressed herein.

2. **Initial Disclosures.** The parties have agreed to waive the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and jointly submit the form required by Local Rule 26-2.

3. **Discovery Plan.** The parties propose the following discovery plan:

    a. The subjects on which discovery will be required include all subjects within the scope of Fed. R. Civ. P. 26(b).

    b. With respect to inadvertent production of discovery materials subject to a claim of privilege or of protection of trial preparation material, the parties have agreed to abide by the terms of Fed. R. Civ. P. 26(b)(5)(B) and any associated law.

    c. The parties do not anticipate any issues in this case concerning production of electronically-stored information, but agree to abide by the terms of Fed. R. Civ. P. 26(b)(2)(B) and any associated law to the extent such issues arise.

    d. The parties agree that discovery shall commence upon the filing of this report, but have agreed that early motions with respect to the "suit limitation provisions" in the insurance contracts would be helpful for all parties. The parties propose that the Court enter the following schedule for discovery and early motion practice, which may be subject to revision based on the parties' ongoing discussions concerning the most efficient method of litigating this matter:

        i. Each party will file their motion regarding the suit limitation provisions in the insurance contracts by May 31, 2019.

        ii. Each party will file their response briefs by June 21, 2019.

    iii. Each party may file a short reply brief (limited to 5 pages) by June 28, 2019.

    iv. Fact discovery will be completed by December 20, 2019.

    v. Expert disclosures will be exchanged by January 24, 2020.

    vi. Rebuttal expert disclosures will be exchanged by February 28, 2020.

    vii. Expert discovery will be completed by March 31, 2020.

  e. The parties agree that the limitations on interrogatories by each party established by Fed. R. Civ. P. 33(a)(1) need not be altered at this time. This agreement does not prejudice either party's ability to seek relief from this limitation should circumstances warrant such relief. The parties further agree that responses to interrogatories shall be served thirty (30) days after service, barring any agreement between the parties to alter that period.

  f. The parties agree that there shall be no restriction on the number of requests for admission served by a party. This agreement does not prejudice either party's ability to seek restrictions on the number of requests for admission should circumstances warrant such relief. The parties further agree that responses to interrogatories shall be served thirty (30) days after service, barring any agreement between the parties to alter that period.

  g. The parties agree that the presumptive ten (10) deposition limit established in Fed. R. Civ. P. 30(a)(2)(A)(i) is appropriate in this case. This agreement does not prejudice either party's ability to seek additional depositions, via stipulation or court order, should circumstances warrant such relief.

  h. The parties agree that the presumptive length of depositions established in Fed. R. Civ. P. 30(d)(1) shall not be altered at this time. This agreement does not prejudice either

party's ability to seek additional time to conduct any deposition, via stipulation or court order, should circumstances warrant such relief.

    i. As detailed above, the reports of any case-in-chief experts shall be produced on or before January 24, 2020.  The reports of any rebuttal experts shall be produced on or before February 28, 2020.

    j. The parties agree they shall supplement any discovery responses in a timely and ongoing matter as required by Fed. R. Civ. P. 26(e)(1).

  **4.** **Other Items.** The parties have also discussed the following miscellaneous matters.

    a. The parties propose that dispositive motions shall be filed by April 30, 2020.

    b. The parties do not provide a requested trial date and, instead, defer to the Court's availability based on the other deadlines proposed in this matter.  The parties anticipate trial of this matter will take approximately 8-10 days and will be ready for trial in the late fall or early winter of 2020.  The respective deadlines for submission of jury instructions and verdict form, exhibit lists, lay witness statements, expert reports, itemized list of special damages, deposition designations, trial memoranda, motions in limine, *Daubert* motions, rebuttal exhibits, and requested voir dire shall be determined upon the setting of a trial date.

    c. The parties have discussed and agreed to further confer on resolution of the case through private negotiation, mediation, or some other form of alternative dispute resolution. The parties anticipate being able to further engage in those discussions upon completion of initial discovery, additional analysis of coverage available under the applicable policies, and potentially early dispositive motion practice on legal issues.

    d. The parties do not currently consent to submission of the case to a Magistrate Judge, but have agreed to further analyze the potential of providing consent.

DATED:  May 4, 2019		Respectfully submitted,

FOREMAN STURM & THEDE LLP

By: */s/ Nicholas A. Thede*
   **Kyle A. Sturm, OSB No. 080214**
   kyle@foremansturm.com
   **Nicholas A. Thede, OSB No. 075460**
   nick@foremansturm.com

Attorneys for Plaintiff Housing Northwest, Incorporated

DAVIS ROTHWELL EARLE & XOCHIHUA PC

By: */s/ Darren C. Beatty*
   **William G. Earle, OSB No. 831859**
   wearle@davisrothwell.com
   **Darren C. Beatty, OSB No. 100748**
   dbeatty@davisrothwell.com

Attorneys for Defendant The American Insurance Company

BULLIVANT HOUSER BAILEY PC

By: */s/ Ronald J. Clark*
   **Ronald J. Clark, OSB No. 880328**
   ron.clark@bullivant.com
   **Richard L. Williams, OSB No. 144638**
   richard.williams@bullivant.com

Attorneys for Defendant Travelers Property Casualty Company of America